# STATE OF VERMONT

# ENVIRONMENTAL COURT

Appeal of Sisters and        }
Brothers Investment          }
Group, LLP                   }    Docket No.  281-12-02
                             }    Vtec
                             }
                             }

## Decision and Order on Motion for Partial Summary Judgment

Appellant Sisters and Brothers Investment Group, LLP appealed from a decision of the Development Review Board (DRB) of the Town of Colchester, denying its application for conditional use approval of a convenience store with gasoline sales on its property at 162 and 166 College Parkway. Appellant-Applicant is represented by David H. Greenberg, Esq.; the Town is represented by Richard C. Whittlesey, Esq. Appellant has moved for partial summary judgment on the question of whether a convenience store with gasoline sales is a permitted use in the General Development-1 (GD-1) zoning district, and therefore does not require conditional use approval. In addition, the Court requested the parties to brief the issue of whether, if the proposal may be considered as an > other similar use= under ' 1203.1, it should be considered in relation to all allowed uses in the district, or only in relation to the listed > permitted= uses in the district as opposed to the listed > conditional= uses.

The following facts are undisputed unless otherwise noted. Appellant-Applicant proposes to construct a convenience store of less than 2000 square feet of > gross floor area,= with six gasoline fueling stations, in the GD-1 zoning district. Appellee-Applicant estimates that gasoline sales will represent approximately 30% to 40% of gross sales.

The Colchester Zoning Regulations provide for twenty-five general use categories, under which are listed many specific use categories and sub-categories. They are displayed in a Table of Permissible Uses in Article II of the Zoning Regulations, arranged in a grid showing the specific permitted uses and conditional uses for each sub-category in each district. Some of the permitted uses feature an asterisk, noting that they are permitted but with additional general conditions found in the text of the zoning regulations.

The use category of > convenience store= is defined in the Zoning Regulations as a A retail store containing less than 2,000 square feet of gross floor area that is designed and stocked to sell primarily food, beverages and other household supplies to customers.@ The use category of > retail sales and services= is defined in the Zoning Regulations to exclude any gasoline service, among other exclusions. However, the term A retail store@ is not defined, and the Table of Permissible Uses shows A convenience stores@ (use categories 2.111 and 2.112) as not included in the use category of A retail business.@

The Table of Permissible Uses contains General Category 2.000: Sales and Rental of Goods, Merchandise and Equipment. That general category is first divided according to whether the use involves any outside storage or display. Within the uses not involving outdoor storage or display, category 2.100, the category is divided into the following four sub-categories: > high-volume traffic generation= (2.110); > low-volume traffic generation= (2.120); wholesale sales (2.130); and retail business (2.140). The > high-volume traffic generation= sub-category is further divided into two categories of convenience stores: 2.111: A convenience store;@ and 2.112: A convenience store without gas pumps. The use category of A convenience store@ is allowed as a permitted use only in the Commercial and GD-1 zoning districts, and is not allowed as a listed conditional use in any zoning district. The use category of A convenience store without gas pumps@ is allowed as a permitted use only in the Commercial, GD-1, GD-3, and GD-4 zoning districts, and is not allowed as a listed conditional use in any zoning district. The Table of Permissible Uses also contains General Category 9.000: Motor Vehicle-Related Sales and Service Operations. That general category is divided into seven categories, of which Agas[1] sales@ is 9.600. The use category of A gas sales@ is allowed as a permitted use only in the Commercial zoning district, and is not allowed as a listed conditional use in any zoning district. With the exception of marine uses, none of the motor vehicle-related uses is allowed in the GD-1 district.

In addition to the listed permitted and conditional uses for the GD-1 district found in the Table of Permissible Uses, ' 1203.1 allows A other commercial uses@ to be approved by the DRB as a conditional use upon the DRB= s finding that A such use is of the same general character of those permitted and which will not be detrimental to the other uses within the district or to the adjoining land uses.@ Other than the listed permitted and conditional uses, and the conditional uses allowed under ' 1203, ' 1201 prohibits all other uses in the district.

The problem posed by this appeal is how to read all of the above sections of the Zoning Regulations to give meaning to each section, to avoid inconsistency, and to give effect to the intent of the body adopting the regulations.

First, we note that if it were not for the prohibition in ' 1808 against more than one use per lot, it would be possible to interpret the regulations to allow approval of each of the two separate uses (> gasoline sales= and > convenience store= ) as long as both uses were allowable (either as a permitted use or as a conditional use) in the district. However, the Colchester Zoning Regulations do not allow this approach.

At first glance, it appears that the existence of the two use categories: A convenience store without gasoline pumps@ and A convenience store,@ suggests that the unmodified A convenience store@ category includes those at which gasoline sales are allowed[2]. However, this interpretation would contradict the definition of convenience store as a subset of retail store, which itself is defined to exclude gasoline sales. Yet it apparent that the two categories are not surplusage, because they are allowed in different sets of zoning districts.

By focusing on the difference between the A permitted use@ categories and the Aconditional use@ categories throughout the zoning districts and the regulations, the regulations may be harmonized. That is, use category 2.112 allows convenience stores specifically without gasoline sales as a permitted use, without further review by the DRB, in the Commercial, GD-1, GD-3, and GD-4 zoning districts. Use category 9.600 allows gasoline sales, whether at standalone gasoline stations or at a gasoline station with accessory retail sales, as a permitted use, without further review by the DRB, only in the Commercial zoning district. Use categories 9.600 and 2.111, when read together, allow convenience stores with accessory gasoline sales, as a permitted use, without further review by the DRB, only in the Commercial zoning district and not in the GD-1 district. These are all permitted uses, which do not have to undergo the conditional use approval process before the DRB.

On the other hand, use category 2.111, read together with ' 1203.1, allows an applicant for a property in the GD-1 district to apply for a convenience store with gasoline sales, but only as a conditional use, with further review by the DRB, and then only if the prerequisites in ' 1203.1 are met for that particular proposed use on that particular property, as well as meeting all the other requirements in ' 1804.

Section 1203.1 requires two specific prerequisites to be met, before a proposal may be considered by the DRB for conditional use approval. First, the DRB must find that the propose use is of the same general character as those permitted in the district. The Town argues that this should be interpreted to refer only to the uses allowed in the district as a > permitted use= rather than as a > conditional use.= This interpretation contradicts even the use of the word A permitted@ earlier in ' 1203, which states that A the following uses may be permitted . . . when approved by the DRB as a conditional use.@ We interpret the section to refer to all those uses shown as allowed in the GD-1 district, whether as a permitted use or as a conditional use. In the present appeal, this distinction makes very little difference, as the only commercial use allowed in the Table of Permissible Uses for the GD-1 district as a conditional use rather than as a permitted use is a bar or night club (use category 8.200).

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Summary Judgment is GRANTED to the Town and DENIED to Appellant, in that a convenience store with gasoline sales is not a permitted use in the GD-1 district, and that Summary Judgment is GRANTED to Appellant and DENIED to the Town, in that the application may go forward under ' 1203.

Based on this ruling, however, it appears to the Court that the Court must take evidence and make findings on the question of whether the proposed convenience store with gasoline sales is of the same general character as the other uses listed in the Table of Permissible Uses for the GD-1 district, before moving forward to take evidence on the other ' 1203.1 prerequisites and on the ' 1804 conditional use standards. We will hold a telephone conference, if possible on Friday August 8, 2003 at 9:00 a.m. (see enclosed notice), to determine whether the hearing now scheduled for Tuesday, August 12, 2003, can cover both phases of this case, or whether that hearing should be used only for the > same general character= determination.

Done at Barre, Vermont, this 6th day of August, 2003.

_____
Merideth Wright
Environmental Judge

---

## Footnotes

[1.]   The parties agree that this reference is to gasoline sales.

[2.]   The Town may wish to consider amendments to these categories or to the definitions or the Table of Permissible Uses to clarify this issue for the future.